IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff | : | Case No. 2:05-cv-929 |
| v. | : | Judge Sargus |
| Linda Leisure | : | Magistrate Judge Abel |
| Defendant | : | |

**ORDER**

This matter is before the Court on defendant Linda Leisure's November 15, 2005 Objections to the Magistrate Judge's Report and Recommendation (doc. 9). On November 10, 2005, the Magistrate Judge recommended that this case be remanded to Franklin County Municipal Court for lack of federal subject matter jurisdiction. As required by 28 U.S.C. §636(c), the Court has made a *de novo* review of those portions of the Report and Recommendation to which the plaintiff specifically objects. Upon *de novo* review, the Court **OVERRULES** Ms. Leisure's objections.

As noted by the Magistrate Judge, this action appears to be a criminal action that was removed from Franklin County Municipal Court (case number 2005 CRB 006768) and entails the criminal prosecution of Ms. Leisure for the violation of a protective order. *See* Complaint, Exhibit 2. Ms. Leisure asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1443(1) and (2), which states:

1

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

The United States Supreme Court has established a two-prong test in order to satisfy 28 U.S.C. § 1443(1):

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' *Georgia v. Rachel*, [384 U.S. 780, 792 (1966)]. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of s 1443(1). *City of Greenwood v. Peacock*, [384 U.S., 808, 825 (1966)].
> Second, it must appear, in accordance with the provisions of s 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.' This provision normally requires that the 'denial be manifest in a formal expression of state law,' *Georgia v. Rachel, supra*, 384 U.S., at 803, 86 S.Ct., at 1796, such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." *Id.*, at 799, 86 S.Ct., at 1794.

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). Ms. Leisure argues that she is afforded protection based on her age and sex, rather than on the basis of race. She makes no claim that alleges discrimination based upon her race. Therefore, this Court may not exercise jurisdiction over this matter on the basis of this subsection.

Subsection (2) of 28 U.S.C. § 1443 also does not provide this Court with jurisdiction over

this matter. *See City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966) (holding that the second subsection of section 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights).

Consequently, Ms. Leisure's November 15, 2005 objections to the Magistrate Judge's Report and Recommendation are OVERRULED. This action is REMANDED.

12-12-2005

Edmund A. Sargus, Jr.
United States District Judge